# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SANDRA D. O'NEAL,

      Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:16-cv-00318-GMN-NJK

**ORDER**

      Pending before the Court is the Motion to Remand, (ECF No. 17), filed by Plaintiff Sandra D. O'Neal ("Plaintiff") and the Cross-Motion to Affirm, (ECF No. 21), filed by Defendant Nancy A. Berryhill[1] ("Defendant" or "the Commissioner"). These motions were referred to the Honorable Nancy J. Koppe, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636 (b)(1)(B) and (C).

      On March 21, 2017, Judge Koppe entered a Report and Recommendation ("Report"), (ECF No. 23), recommending that Plaintiff's Motion to Remand be denied and Defendant's Cross-Motion to Affirm be granted. Plaintiff filed an Objection, (ECF No. 24), and the Commissioner did not file a response.

## I.    <u>BACKGROUND</u>

      Plaintiff brings this action against Defendant in her capacity as the Commissioner of the Social Security Administration, pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

1383(c). (Compl. ¶ 3, ECF No. 3).  Plaintiff seeks judicial review of a final decision of the Commissioner of the Social Security Administration denying her claims for social security disability benefits and supplemental security income under Title II and XVI of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c). (Mot. to Remand 3:4–22, ECF No. 17).

Plaintiff applied for both disability insurance benefits and supplemental security income on November 22, 2011, which were denied initially and upon reconsideration. (Admin. R. ("A.R.") 91–95, 117–19, 165–73, ECF No. 16-1).  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), who ultimately issued an unfavorable decision denying Plaintiff's benefits claim. (*Id.* 40–50, 150–151).  Plaintiff timely requested Appeals Council review of the ALJ's decision, which was denied on December 21, 2015. (*See id.* 1–4).  Plaintiff then filed her Complaint and Motion to Remand in this Court.

## II.   LEGAL STANDARD

### A.  Objections to a Magistrate Judge's Findings and Recommendations

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3–2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Recommendation to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

### B.  Judicial Review of the Commissioner's Disability Determinations

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted).  "Substantial evidence means

more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2003). When the evidence supports more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether substantial evidence supports the final decision.

## III.   DISCUSSION

Plaintiff argues that the Court should reject Judge Koppe's Report and remand this matter because the ALJ did not properly evaluate medical opinions of record when making physical and mental Residual Functional Capacity ("RFC") determinations. (*See* Obj. 3:25–4:3, ECF No. 24). Plaintiff further argues that the ALJ failed to articulate legally sufficient reasons for discounting Plaintiff's subjective complaints. (*Id.* 8:20–23). The Court addresses each argument in turn.

### A.  Physical RFC

Plaintiff argues that new documentation from one of her treating physicians, D. David Ezeanolue, M.D. ("Dr. Ezeanolue"), submitted for the first time to the Appeals Council, undermines the ALJ's decision. (*See id.* 6:7–8). Plaintiff maintains that these documents demonstrate that the opinion of consultative examiner, Jerrold Sherman, M.D. ("Dr. Sherman"), regarding Plaintiff's physical limitations does not constitute substantial evidence to support the ALJ's physical RFC assessment. *Id.*

"[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider" in determining whether substantial evidence supports the Commissioner's decision. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159–60 (9th Cir. 2012). The Court may "consider [a] physician's opinion, which was rejected by the Appeals Council, to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) (citing *Ramirez v. Shalala*, 8 F.3d 1449, 1451–54 (9th Cir. 1993)). As such, the Court must determine whether the ALJ could properly reach the same conclusion regarding Plaintiff's physical RFC assessment if he considered Dr. Sherman's opinion in conjunction with the new medical evidence, which consists of an MRI report, office visit notes, and a disability evaluation form. (A.R. 521–31, ECF No. 16-1).

Here, the ALJ relied on the medical opinions of Dr. Sherman in assessing Plaintiff's physical RFC. (*Id.* 47). Based on x-rays from March 2012 and a physical examination of Plaintiff, Dr. Sherman opined that, *inter alia*, Plaintiff could sit, stand, and walk for six hours in an eight-hour workday; did not require a cane, brace, or assistive device to ambulate; could occasionally lift 50 pounds; and had no restrictions regarding forward bending at the waist, reaching, pushing, pulling, or grasping. (*Id.* 352–55). Thus, Dr. Sherman concluded that Plaintiff could perform medium exertional work. (*See id.*).

In contrast, Dr. Ezeanolue opined that, *inter alia*, Plaintiff could stand for no more than about two hours in an eight-hour workday; could sit for no more than about four hours in an eight-hour workday; must use an assistive device while standing or walking; could never lift 50 pounds; and possibly had significant limitations in repetitive reaching. (*Id.* 527–31). Dr.

Ezeanolue based his opinions on Plaintiff's subjective complaints and an MRI report from June 2014. (*Id.*).[2]

As explained in Judge Koppe's Report, the opinions of Dr. Sherman and Dr. Ezeanolue are contradictory and based, at least in part, on independent clinical findings. (R. & R. 10:20–21, ECF No. 23). Thus, Plaintiff's new evidence does not undermine the ALJ's decision, as the ALJ would have had sole discretion to resolve the conflict and Dr. Sherman's opinion would have constituted substantial evidence. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (providing that it is "solely the province of the ALJ to resolve the conflict," between the opinion of a claimant's treating physician and the opinion of a nontreating physician, which is based on independent clinical findings). To the extent that their respective medical opinions are not based on independent clinical findings, the only bases for Dr. Ezeanolue's opinions are Plaintiff's subjective complaints. Moreover, as stated in the Report, "despite the fact that Dr. Ezeanolue's opinion is based in part on more recent medical tests, the ALJ could properly afford it less weight because it is based primarily on subjective testimony that the ALJ properly found to be of limited credibility." (R. & R. 11:2–5). Lastly, the Court notes that Dr. Sherman's opinion that Plaintiff could do the full range of medium work was adopted by two additional physicians. (A.R. 47) ("The state agency DDS reviewing physicians adopted this finding."); (*id.* 88–89, 454–55); (*see also* Cross-Mot. to Affirm 4:18–23, ECF No. 21). Accordingly, the Court finds that Dr. Ezeanolue's medical opinion does not undermine the ALJ's decision, and that the ALJ's physical RFC determination is supported by substantial evidence.

*///*

---

[2] The ALJ, however, did not have an opportunity to consider the MRI report. While it was not available at the time of the hearing, the MRI report was nevertheless prepared a month before the ALJ issued his decision. (*See* R. & R. at 11 n.3). Plaintiff has not offered an explanation as to why she did not submit this evidence to the ALJ. *Id.*; *see also* 20 C.F.R. § 416.1435 (allowing claimants, under certain circumstances, to submit evidence after a hearing, but before the ALJ's issues his decision).

**B. Mental RFC**

Plaintiff contends that the ALJ erred by rejecting Pastora Roldan, Ph.D.'s ("Dr. Roldan") opinions regarding Plaintiff's adaptation limitations, and not incorporating them in the Mental RFC assessment or the hypothetical to the vocational expert. (Obj. 7:9–10). Specifically, Dr. Roldan opined that Plaintiff "is able to respond to minor change, travel, and avoid workplace hazards; she is less able to set realistic goals." (A.R. 471). However, contrary to Plaintiff's arguments, the ALJ adequately captured these limitations. As Judge Koppe explained, "by limiting Plaintiff to simple, routine tasks, the ALJ's RFC assessment accommodates Dr. Roldan's opinion regarding her limited ability to set realistic work goals." (R. & R. 13:2–4). Additionally, "the limitations identified in the ALJ's RFC assessment also adequately capture Plaintiff's limited adaptability to changes in the workplace." (*Id.* 13:4–6). Moreover, the ALJ's hypothetical to the vocational expert, "followed the written RFC assessment nearly word-for-word." (*Id.* 13:7–8). As such, the Court finds that the ALJ did not err in articulating his RFC assessment and hypothetical to the vocational expert.

**C. Plaintiff's Credibility**

Next, Plaintiff objects to the determination that her subjective description of pain was not entirely credible and argues that the ALJ failed to articulate legally sufficient reasons for discounting her subjective complaints. (Obj. 8:20–23).

Adverse credibility findings may only be made through adherence to a two-step framework. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether the plaintiff presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged. *Id.* Second, the ALJ may only reject the individual's testimony about the severity of the symptoms by giving specific, clear, and convincing reasons for the rejection. *Id.* If the ALJ finds the individual less than fully credible, the ALJ is required to support the finding by pointing to

specific facts in the record to demonstrate that the individual's symptoms are less severe than she claims. *See id.* at 592. Furthermore, the ALJ may consider certain factors in weighing Plaintiff's credibility, including "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Plaintiff raises the following three arguments regarding the ALJ's credibility determination: (1) an absence of mental health treatment does not detract from the presence of mental limitations; (2) the ALJ misapplied the concept of excess pain; and (3) Judge Koppe erred in finding that the ALJ properly considered Plaintiff's work history. (Obj. 9:7–10:13). The Court addresses each of Plaintiff's arguments in turn.

### 1. Lack of Mental Treatment

Plaintiff first argues that her lack of mental treatment does not detract from her mental limitations. (*Id.* 8:20–23). However, it is well-settled that "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" is a factor that an ALJ may consider in weighing a claimant's testimony. *Orn,* 495 F.3d at 636. Here, Plaintiff has not provided an explanation for her lack of mental treatment. Accordingly, the ALJ properly factored the absence of Plaintiff's mental treatment when determining her credibility.

### 2. Excess Pain

Next, Plaintiff challenges the ALJ's determination that Plaintiff's subjective complaints were not supported by objective evidence, arguing that the ALJ "failed to grasp the concept of excess pain." (Obj. 9:22–26).

"Excess pain is by definition pain at a level above that supported by medical findings." *Fair*, 885 F.2d at 601. In order to disregard a claim of excess pain, the ALJ must make specific findings justifying that decision. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Swanson v.*

*Secretary*, 763 F.2d 1061, 1065 (9th Cir. 1985). Moreover, while the lack of objective medical evidence "cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Here, the lack of objective medical findings corroborating Plaintiff's subjective claims of excess pain were not the ALJ's sole basis for discounting Plaintiff's pain testimony. Instead, the ALJ properly considered the lack of objective evidence as a factor in his credibility analysis and made specific findings justifying his decision. (*See* A.R. 46–47). As such, the ALJ properly applied the concept of excess pain.

### 3. Back Pain

Lastly, Plaintiff challenges Judge Koppe's finding that the ALJ properly considered Plaintiff's work history in discounting her subjective complaints. (Obj. 10:3–13). The ALJ's written decision provides: "The claimant also reported a history of back pain since the age of 15; however, she has worked for a number of years since then." (A.R. 46) (citation omitted). While the Report indicates that Plaintiff has suffered severe back pain since the age of 15, (R. & R. 14:5, 15:7), Plaintiff explains that this is a mistake as she "did not allege 'severe' back pain beginning at age 15. The citation in the record merely states that O'Neal has had back pain since age 15." (Obj. 10:6–8) (citing A.R. 457). The Court takes note of the discrepancy. However, the Court finds that the ALJ properly considered Plaintiff's work history.

As an initial matter, an ALJ may consider an individual's work record when weighing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Therefore, the ALJ's consideration of Plaintiff's work history was not improper. Further, as explained by Judge Koppe, the record supports the ALJ's statement. (R. & R. 15:6); (*see also* A.R. 62–63 (Plaintiff's testimony regarding construction and security jobs); 160–64 (work history); 457 (allegations of pain since age 15)). As such, the Court finds that the ALJ gave specific, clear,

and convincing reasons, supported by substantial evidence to support his determination that Plaintiff was less than credible. *See Vasquez*, 572 F.3d at 591–92.

Having reviewed Plaintiff's objections *de novo*, the Court agrees with the conclusions reached in Judge Koppe's Report. Accordingly, the Court accepts and adopts Judge Koppe's Report to the extent that it is not inconsistent with this Order.

## IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 23), is **ACCEPTED** and **ADOPTED** to the extent that it is not inconsistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, (ECF No. 17), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion to Affirm, (ECF No. 21), is **GRANTED**.

The Clerk of Court is instructed enter judgment accordingly and close the case.

**DATED** this __19__ day of February, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court